**COWDEN MANUFACTURING COMPANY, Transferee of Comanco, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2227.**

United States District Court, E. D. Kentucky, Lexington Division.

April 13, 1972.

Clay & Marye by William C. Clay, Jr., Mt. Sterling, Ky., for plaintiff.

Stephen J. Csontos, Dept. of Justice, Washington, D. C., Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

MEMORANDUM

SWINFORD, District Judge.

The record of this case is before the court on the plaintiff's motion for summary judgment. The facts are briefly these. On or about January 16, 1969, a proposed tax deficiency assessment in the amount of $63,569.42 plus a penalty and interest was made by the Internal Revenue Service against the plaintiff, Cowden Manufacturing Company, as transferee of Comanco, Inc., a dissolved corporation. The plaintiff, upon the denial of its protest paid the deficiency assessment. The tax liability arose from the sale of Comanco, Inc. which resulted in the recapture of certain of Comanco's depreciation allowances and investment credits. Comanco, Inc. was prior to its dissoluton a subsidiary of Cowden Manufacturing Company of Missouri. Cowden of Missouri sold Comanco to International Shoe Company. International Shoe, in turn, assigned the contract of sale to Cowden Manufacturing Company of Kentucky. Cowden of Kentucky paid for the stock and liquidated the assets of Comanco. Cowden of Kentucky admits that the sale of Comanco resulted in the recapture of depreciation and investment credits upon which an income tax ac-

crued. It is, however, Cowden's contention that it, as transferee of Comanco, is not liable for the tax. Cowden of Kentucky has brought this suit in order to recover the deficiency assessment which it contends was erroneously made.

The sole issue in the case is whether the plaintiff, as transferee of Comanco, should have been assessed for the income taxes which resulted from the sale of Comanco. It is the opinion of the court that the plaintiff was properly assessed for the taxes; its motion for summary judgment must therefore be denied.

Section 6901 of the Internal Revenue Code (26 United States Code § 6901) reads in part as follows:

"The amounts of the following liabilities shall, . . ., be assessed, paid, and collected

. . . . . .

(A) *Transferees*—

The liability, at law or in equity, of a transferee of property—

(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes)"

It is agreed that this provision does not create a substantive remedy, but only provides a procedure whereby transferees may be assessed for taxes. If the federal government is to be able to recover taxes from transferee, it must do so under the substantive law of the state in which the transfer took place. It is the plaintiff's argument that there is no Kentucky law, common or statutory, which provides for transferee liability. In fact, in this particular case, the plaintiff argues, Kentucky law expressly holds that it may not be held liable. The plaintiff asserts that under Kentucky Revised Statute 271.540 all of the debts of a corporation must be settled before its articles of dissolution are filed by the Secretary of State. Inasmuch as the tax was not imposed nor the assessment levied until after the dissolution of Comanco the plaintiff contends that it cannot be held liable. Section 271.540 states:

"271.540 Filing articles of dissolution; satisfaction of tax liabilities; recording of articles, issuance of certificate of dissolution.

(1) Triplicate originals of the articles of dissolution shall be delivered to the Secretary of State. He shall take no action with regard thereto until he has received from the Commissioner of Revenue a certificate certifying that all tax liability of the corporation to the state and its political subdivisions has been satisfied in full, and approving the dissolution of the corporation, such approval being conditioned solely upon the status of the tax liability of the corporation. However, if after thirty days have elapsed since the statement of intent to dissolve was forwarded to the Commissioner of Revenue as provided in KRS 271.505, no notice that taxes are due has been filed with the Secretary of State by the Commissioner of Revenue, the Secretary of State shall proceed as if approval had been given, . . ."

The statute further states that:

". . . but if it is later determined that the corporation is indebted for taxes to the state or any of its political subdivisions, this provision shall not relieve any such liability."

The plaintiff argues that in Kentucky the existence of a corporation ceases after the recordation of the articles of dissolution and that no creditor thereafter has any right against it or its transferee excepting only if it is later determined that the "corporation is indebted for taxes to the *state* or any of its political subdivisions . . . ." (emphasis added). The plaintiff states that although KRS 271.540 does not prevent the State from recovering taxes, "Comparable consideration and courtesy is not extended to the Government of the United States." It is the plaintiff's postulation that the State may impose a tax liability

upon a dissolved corporation, but the federal government cannot. The defendant argues that the plaintiff's theory is insupportable. The court agrees. It could be inferred from the fact that the state specifically provides that it may impose a tax liability upon a dissolved corporation, that such a right would extend to the federal government. Moreover Kentucky Revised Statute 271.585 states that the

" . . . dissolution of a corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution."

■ The court is satisfied that the federal government has the right under State law to impose a tax liability upon a corporation subsequent to the recordation of its articles of dissolution. The only remaining question, then, is whether the government may collect the tax assessment from the transferee of the dissolved corporation. Here again the court is in agreement with the defendant, and is of the opinion that the deficiency assessment was properly levied against the plaintiff as transferee of Comanco, Inc.

There are several theories upon which the government contends transferee liability is proper under the substantive law of Kentucky. The defendant argues that the plaintiff may be made liable under Kentucky Revised Statute 271.275. This section provides for shareholders' liability to creditors following the dissolution of the corporation. The defendant asserts that the plaintiff as the sole shareholder of Comanco is liable under Section 271.275 of the Kentucky Statute.

The defendant contends that the plaintiff is liable under the common law trust fund doctrine which provides that the assets of a dissolved corporation are held in an equitable trust so that its unsatisfied debts may be paid.

The defendant finally contends that the plaintiff, as transferee, may be made liable as a third-party beneficiary, or under a theory of constructive fraud.

The court is satisfied that there is some merit to each of the defendant's arguments. However, it is the opinion of the court that the most appropriate mode of imposing transferee liability is under the trust fund doctrine. Although the assessment could possibly be effected under Section 271.275 of the Kentucky Statutes the court feels that this section was intended to principally apply to wrongfully paid dividends. Similarly the court feels that the constructive fraud and third-party beneficiary theories of transferee liability are less appropriate than the trust fund argument. The defendant has in fact withdrawn its constructive fraud theory. The third-party beneficiary argument would be dependent upon a showing that the plaintiff expressly promised to pay the federal tax debts of Comanco, Inc. Apparently no such express agreement existed, although the plaintiff did assume some of the liabilities of Comanco, Inc.

■ According to the brief of the defendant, the theory of the trust fund doctrine is as follows. At common law all of the debts of a corporation were extinguished upon its dissolution. This rule was, of course, most unfair to the creditors of the corporation. To remedy the creditors' predicament courts of equity recognized the debts and required their payment from the assets of the dissolved corporation. The doctrine is thusly stated:

"Where the assets of a dissolved company have been distributed among the stockholders, a creditor having an enforceable cause of action against the corporation may hold the stockholders liable to the extent of the assets received by them, including interest." 16A Fletcher, Cyclopedia of Corporations, ss 1659.

The plaintiff does not doubt the existence of such a rule, but contends that it is not the law of Kentucky. Case authority, however, seems to indicate that

it is. The defendant has cited over a dozen Kentucky cases wherein the trust fund doctrine is judicially recognized. For the purposes of this memorandum one short quotation from one of those cases will suffice:

"The assets of that corporation was a trust fund for the payment of its creditors. When the sole stockholder distributed this fund to himself and others, leaving debts of the company unpaid, he became liable to the creditors of that company to the extent of the assets so received and distributed." Pioneer Coal Company v. Asher, Sr., 210 Ky. 498 at 507, 276 S.W. 487 at 491 (1925).

When the plaintiff—the sole stockholder of Comanco—liquidated the assets of Comanco it held the resulting fund in trust for Comanco's unsatisfied creditors, including the federal government. The government therefore properly assessed the plaintiff for Comanco's unpaid income taxes.

Perhaps the most cogent authority the plaintiff has produced against transferee liability is the case of Reid Ice Cream Company v. Commissioner, 59 F. 2d 189 (1932). In this case the purchaser of the assets of a dissolved corporation was held not to be liable for the unpaid taxes of the corporation. The case is distinguishable from the facts of this case insomuch as the plaintiff here actually received the funds from which Comanco would have had to satisfy the taxes. In Reid the purchaser of the assets did not acquire the profits or funds of the dissolved corporation from which the taxes would have been paid. Succinctly put, the purchaser in the Reid case was not a transferee.

An order will this day be entered denying the plaintiff's motion for summary judgment. The court being of the opinion that the deficiency assessment levied against the plaintiff as a transferee was correct, the above mentioned order will therefore grant judgment to the defendant.